

# SEALED

**Office of the United States Attorney**
**District of Nevada**
**501 Las Vegas Boulevard South,**
**Suite 1100**
**Las Vegas, Nevada 89101**
**(702) 388-6336**

JASON M. FRIERSON
United States Attorney
Nevada Bar No. 7709
BIANCA R. PUCCI
Assistant United States Attorney
Nevada Bar No. 16129
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Tel: (702) 388-6336
Fax: (702) 388-6418
Bianca.Pucci@usdoj.gov
*Attorneys for the United States*

FILED.

DATED: 1:12 pm, January 06, 2023

U.S. MAGISTRATE JUDGE

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.   2:23-mj-00012-BNW |
| Plaintiff, | **COMPLAINT** |
| vs. | VIOLATIONS: |
| ADRIAN ISAIAH QUEBEC | 18 U.S.C. §§ 922(a)(1)(A) and 924(a)(1)(D) – Engaging in the Business of Dealing or Manufacturing Firearms Without a License |
| Defendant. | 18 U.S.C. §§ 933(a)(1) and (b) – Trafficking Firearms |

BEFORE the United States Magistrate Judge, Las Vegas, Nevada, the undersigned

Complainant, being duly sworn, deposes and states:

### COUNT ONE
*Engaging in the Business of Dealing Firearms Without a License*
(18 U.S.C. §§ 922(a)(1)(A) and 924(a)(1)(D))

Beginning from a time unknown but no later than January 5, 2018, and continuing

up to and including January 3, 2023, in the State and Federal District of Nevada,

**ADRIAN ISAIAH QUEBEC,**

defendant herein, not being a licensed dealer, importer, and manufacturer of firearms within the meaning of Chapter 44, Title 18, United States Code, willfully engaged in the business of dealing in, importing, and manufacturing firearms, all in violation of Title 18, United States Code, Sections 922(a)(1)(A) and 924(a)(1)(D).

## COUNT TWO
*Trafficking Firearms*
(18 U.S.C. §§ 933(a)(1) and (b))

Beginning on or about December 14, 2022, and continuing up to and including on or about January 3, 2023, in the State and Federal District of Nevada,

### ADRIAN ISAIAH QUEBEC,

defendant herein, knowingly transferred and disposed of firearms to another person, in or affecting interstate or foreign commerce, knowing or having reasonable cause to believe that the use, carrying, and possession of said firearms by the recipient would constitute a felony, as defined in 18 U.S.C. § 932(a), all in violation of Title 18, United States Code, Section 933.

## PROBABLE CAUSE AFFIDAVIT

Your Complainant, as a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), states the following as and for probable cause:

1.      Your Complainant is a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), a component of the United States Department of Justice, and has been so employed since September of 2015. Your Complainant is currently assigned to the ATF Las Vegas Group II Crime Gun Intelligence Task Force.

2.      The following information contained within this criminal complaint is based upon Your Complainant's participation in this investigation as well as information and reports provided to me by other law enforcement personnel. This statement does not

2

include all information in reference to this investigation, but rather only those facts necessary to establish probable cause. All times are approximate.

## FACTS ESTABLISHING PROBABLE CAUSE

3.      On or about November 8, 2022, agents and officers assigned to the LVMPD/ATF Crime Gun Intelligence Center (CGIC) Task Force were informed by the LVMPD Criminal Intelligence Unit (CIU) of an individual trafficking firearms who was utilizing the Instagram account profile name "wslv.q". The individual operating the aforementioned publicly viewable Instagram account was later identified as QUEBEC by your Complainant through the comparison of photographs.

4.      On the same date of November 8, 2022, your Complainant captured a screen recording from the aforementioned Instagram account's "Story" of a Glock style pistol equipped with what appeared to be a machine gun conversion device, or "MCD" (reference screenshot image below for details). Further, an additional MCD appears to be in the background in the image. That MCD was later handled and brought closer to the camera in the video (reference screenshot image below for details). It should also be noted that the image was captioned "Gloccs 📱 📱." In your Complainant's training and experience, the term "Gloccs" refers to "Glock[s]", a brand of firearms, and the cellphone emoji meant for the viewer to contact QUEBEC. In your Complainant's training and experience, this statement and emoji used together means to contact QUEBEC for the Glock firearms, and that the firearms were being advertised for sale. The time stamp listed on the video clip lists "3h." In your Complainant's training and experience, the "3h" time stamp means that the Instagram story was posted approximately three (3) hours prior to the time of your Complainant capturing it. Below are screenshots of the aforementioned story from the Instagram account profile name "wslv.q".:

 

5.      A Federal Firearms Licensee (FFL) database query was conducted of QUEBEC. The query resulted in QUEBEC not having, nor did he ever have, a Federal Firearms License (FFL) to engage in the business of dealing in firearms.

6.      Your Complainant reviewed a Nevada DMV photograph of QUEBEC that was captured on or about April 8, 2021. QUEBEC's Nevada Driver License was issued on or about September 20, 2022.

7.      Your Complainant then reviewed the Instagram account profile name "wslv.q", compared it to the above-mentioned Nevada DMV records and DMV photograph for QUEBEC, and observed numerous images and/or videos of QUEBEC,

4

1    some of which appeared to be "selfies," which were captioned in the first person,

2    indicating that the account is likely operated by QUEBEC. Your Complainant believes

3    that the person viewed by your Complainant in several of the images and videos on the

4    Instagram account profile name "wslv.q" are the same person identified as ADRIAN

5    ISAIAH QUEBEC in the Nevada DMV record.

6        8.    On or about November 13, 2022, your Complainant observed an Instagram

7    "story" that was posted to the Instagram account profile name "wslv.q" approximately

8    eleven hours prior to it being viewed by your Complainant. The story depicted two (2)

9    pistols, one of which was partially in view of the video. The pistol that was partially in

10    view appeared to be a Glock type handgun equipped with an MCD. The other firearm

11    appeared to be a Masterpiece Arms Corporation (MAC) type pistol. Below is a screenshot

12    of the post from Instagram account profile name "wslv.q":



9.      On or about November 16, 2022, your Complainant observed an Instagram "story" that was posted to the Instagram account profile name "wslv.q" approximately 7 minutes prior to it being viewed by your Complainant. The image depicted a repost of what appeared to be an article headlined "Police Are Cracking Down On the Use of "Switches" in The Streets." The image or repost appeared to be captioned by QUEBEC stating, "Tell Uncle Same to come get these mfs then [emojis]". Below is a screenshot of the describe post from the Instagram account profile name "wslv.q":



6

10.     On the same day, November 18, 2022, your Complainant observed an Instagram "story" that was posted to the Instagram account profile name "wslv.q" approximately 7 hours prior to it being viewed by your Complainant. The video depicted what appears to be two (2) Glock type pistols, one of which appeared to be equipped with an MCD. During the video, the make and model of one of the firearms is in frame, which appears to read "Glock 19 Gen 5." Further, the video then pans over to a MCD near one of the firearms. Below are screenshots of the post from the Instagram account profile name "wslv.q":



11.     On or about November 19, 2022, your Complainant observed an Instagram "story" that was posted to the Instagram account profile name "wslv.q" approximately 1 hour prior to it being viewed by your Complainant. The video depicted what appears to be two (2) Glock type pistols, one of which appeared to be equipped with an MCD. Further, what appears to be an AK variant type firearm is also in frame of the video, that firearm being located between the driver seat and the center console. The video is captured inside of a vehicle, which appears to be a BMW based on the insignia located on the steering wheel. Below is a screen shot of the post from the Instagram account profile name "wslv.q":

12.     Simultaneous to monitoring QUEBEC's Instagram account as described above, investigators involved a confidential informant to interact with QUEBEC. On or about November 8, 2022, your Complainant directed an ATF Confidential Informant (CI[1]), hereinafter referred to as "the CI-1," to contact the Instagram account profile name "wslv.q". On or about November 8, 2022, QUEBEC provided CI-1 the following cellular phone number (702) 572-XXXX.

13.     Between November 8, 2022, and November 18, 2022, QUEBEC and the CI continued to exchange text messages regarding a future firearm transaction.

14.     On or about November 18, 2022, the ATF and the LVMPD conducted a controlled purchase operation involving CI-1 of a Winchester, model 1300 Defender, 12 gauge shotgun, bearing S/N "L2624051" from QUEBEC. Prior to the transaction, CI-1 and QUEBEC agreed to conduct the transaction in the Las Vegas, Nevada area through recorded phone contacts with QUEBEC. During the transaction, CI-1, who was accompanied by CI- 2[2], met with QUEBEC. During the transaction, QUEBEC informed CI-1 that he obtained a "19" the night prior, which your Complainant understood to mean a Glock model 19 pistol. It should be noted that QUEBEC appeared to be in possession of a Glock model 19 on or about November 18, 2022, based on a review of his public

---

[1] This person has worked for ATF in the past for possible consideration in a firearms trafficking investigation, and has also received pecuniary payments for his/her assistance. The information provided to ATF by the ATF CI has, to date, been found to be credible and much of it has been corroborated. ATF CI has no known arrest history or criminal convictions.

[2] This person has received pecuniary payments for his/her assistance. The information provided to ATF by the ATF CI has, to date, been found to be credible and much of it has been corroborated. The CI's criminal history includes property crime convictions, one conviction for obstructing a public officer, and one charge for possession of credit cards without the cardholder's consent, which was dismissed.

Instagram account. QUEBEC informed CI -1 that he would "throw a switch on it" too. QUEBEC informed CI-1 that he would sell the aforementioned firearm for "2 bands," which your Complainant, in his training and experience, understood to mean $2,000.00. ATF CI-1 questioned QUEBEC if he was currently in possession of the firearm and available for purchase. QUEBEC informed CI-1 that he would have to meet him/her later, specifically between 10:00 p.m. to 11:00 p.m. that night. QUEBEC and CI-2 engaged in conversation regarding the Glock model 19 equipped with a suspected MCD. CI-2 questioned QUEBEC regarding the price of the aforementioned firearm, to which QUEBEC replied by stating the following: "like 2 bands" ($2,000). QUEBEC informed CI-2 that the firearm would come with the box and "3 clips." CI-2 informed QUEBEC that he/she would contact him later that day regarding the firearm. A short time later, CI-1 paid QUEBEC $300.00 in pre-recorded currency for the Winchester, model 1300 Defender, 12 gauge shotgun, bearing S/N "L2624051." QUEBEC informed CI-1 and CI-2 that the "19" was new, and that it was just "reported." Your Complainant understood this to meant that the firearm was recently reported stolen to a local police department. Your Complainant knows from training and experience that straw purchasers of firearms often report their firearms stolen in an effort to limit their culpability and to thwart law enforcement in the event that the firearm is recovered or used in a crime within a short time period.

15.     Between November 18, 2022, and November 22, 2022, QUEBEC and CI-2 continued to exchange phone text messages regarding an additional future firearm transaction. During these recorded text message conversations, QUEBEC messaged CI-2 the following, "got ☃ to." Based on training and experience, your Complainant understood the snowman emoji to mean powder cocaine. During this time, CI-2

responded by texting, "Im coo on that what bout the bluz," meaning Oxycontin pills. QUEBEC responded by texting, "I can get you boats." Your Complainant recognized the term "boat" to be vernacular or term used to reference 1,000 pills. CI-2 and QUEBEC continued to exchange text messages via phone regarding a future firearm transaction.

16.     On or about November 22, 2022, the ATF and the LVMPD conducted a controlled purchase operation involving CI-2 of a Glock, model 19 Gen 5, 9mm, pistol equipped with a suspected MCD, bearing S/N "BXRB862" from QUEBEC. Prior to the transaction, CI-2 and QUEBEC agreed to conduct the transaction in the Las Vegas, Nevada area through recorded phone contacts. During the transaction, QUEBEC showed CI-2 how to install the machinegun conversion device (MCD) on the aforementioned pistol. A screen shot of this interaction is included below. QUEBEC informed CI-2 that firearm was "fully auto." Moments later, CI-2 handed QUEBEC $2,000.00 of pre-recorded currency for the firearm. QUEBEC proceeded to count the currency. CI-2 informed QUEBEC to contact him/her for additional firearms for sale, including machineguns. The Glock, model 19 Gen 5, 9mm, pistol equipped with a suspected MCD, bearing S/N "BXRB862," was later sent to the ATF Firearms Technology Criminal Branch for further examination and machinegun determination.

///

///

///

///

///

///

///



17.     On or about November 23, 2022, your Complainant conducted a commercial database query of (702)572-XXXX. The query resulted in ADRIAN QUEBEC being reported as a recent subscriber of the aforementioned phone number.

18.     Continuing on this date, your Complainant conducted a law enforcement database query of the Glock, model 19 Gen 5, bearing S/N "BXRB862." The query returned that firearm was reported stolen to LVMPD on or about November 12, 2022.

19.     Between November 23, 2022, and December 5, 2022, QUEBEC and CI-2 continued to exchange text messages regarding an additional future firearm transaction.

20.     On or about December 5, 2022, the ATF and the LVMPD conducted a controlled purchase operation involving CI-2 of a Glock, model 19, 9mm, pistol equipped

with a suspected MCD, bearing S/N "BCKY765" and a Masterpiece Arms, 9mm, semi-automatic pistol, bearing S/N "FX03738" from QUEBEC. Prior to the transaction, CI-2 and QUEBEC agreed to conduct the transaction in the Las Vegas, Nevada area through recorded phone contacts. During the transaction, QUEBEC informed CI-2 that the firearms were in the box that he was carrying. QUEBEC then proceeded to remove a firearm from the box while informing CI-2 that the firearm was a Glock lower with a "P80 top on it." CI-2 questioned QUEBEC if the machinegun conversion device (MCD) was the same as the other one. A screen shot of this interaction captured at or about this time is included below. QUEBEC informed CI-2 that his supplier that made the MCD's was currently on the run. QUEBEC then showed CI-2 a MAC type pistol and explained that he had two of them. CI-2 questioned QUEBEC if he had a suppressor for the firearm. QUEBEC stated that he owned a suppressor, but it wasn't for sale. QUEBEC stated that he can likely provide CI-2 a suppressor, but they are typically worth "two bands," meaning $2,000.00. A short time later, CI-2 counted $1,500.00 and handed it QUEBEC. Moments later, CI-2 counted $1,750.00 and handed it QUEBEC. QUEBEC sold the Glock, model 19, 9mm, pistol equipped with a MCD, bearing S/N "BCKY765" and a Masterpiece Arms, 9mm, semi-automatic pistol, bearing S/N "FX03738" to CI-2 in exchange for the $3,250.00. The Glock, model 19, 9mm, pistol equipped with a suspected MCD, bearing S/N "BCKY765" was later sent to the ATF Firearms Technology Criminal Branch for further examination and machinegun determination. According to Firearms Technology Criminal Branch reports, the aforementioned Glock firearm did not function as a machinegun when test fired.

///

///

1
2
3
4
5
6
7
8
9
10
11
12
13



14   21.   Continuing on the same day, December 5, 2022, LVMPD Detective Boehm

15   reviewed the Instagram profile name "wslv.q", specifically the recent "stories" posted to

16   the account. Upon review of the "stories," Detective Boehm observed an image depicting

17   US currency in $100.00 bill denominations. In the image, the serial number "ME

18   14068806 A" is clearly visible on one of the bills. Prior to the controlled purchase with

19   QUEBEC, your Complainant captured an image of the currency used by CI-2 to conduct

20   the purchase. Agents compared the image captured from the Instagram profile's story and

21   the picture of the currency to purchase the firearm and determined the serial number "ME

22   14068806 A" matched. Below is the screenshot of the Instagram profile name "wslv.q"

23   story and your Complainant's photograph of the currency to purchase the firearm with a

24   red circle around the serial numbers.



22.     Between December 5, 2022, and December 14, 2022, QUEBEC and CI-2 continued to exchange text messages regarding an additional future firearm and narcotics transaction.

23.     On or about December 14, 2022, the ATF and the LVMPD conducted a controlled purchase operation involving CI-2 of the following: two (2) un-serialized Privately Made Firearms (PMF's), 9mm, semi-automatic pistols; one (1) Masterpiece Arms, 9mm, semi-automatic pistol, bearing S/N "FX11314"; one (1) Intratec, AB-10, 9mm, semi-automatic pistol, bearing S/N "A01278"; and approximately 30 grams of suspected powder cocaine from QUEBEC. Prior to the transaction, CI-2 and QUEBEC agreed to conduct the transaction in the Las Vegas, Nevada area through recorded phone contacts. CI-2 met QUEBEC at the pre-determined meeting location. QUEBEC entered the front passenger area of the CI vehicle carrying a black box and a blue box.

24.     During the transaction, QUEBEC informed CI-2 that he previously test fired one of the PMF pistols by putting a "switch" on them and it "blew a 40-round clip." In your Complainant's training and experience, this means that QUEBEC had previously installed an MCD, or "glock switch," type device on the pistol and shot approximately 40 rounds of ammunition with a single pull of the trigger. QUEBEC then proceeded to remove additional firearms from a black box. A screen shot of this interaction captured at or about this time is included below. A short time later, CI-2 informed QUEBEC that he/she was a convicted felon and prohibited from purchasing firearms from a gun store, meaning an FFL. A short time later, CI-2 counted $5,500.00 and handed it QUEBEC. At or about this time, CI-2 and QUEBEC discussed the quality of the powder cocaine and stated it was "fire". Your Complainant understood "fire" to be street vernacular meaning "good" or "high quality." A short time later, QUEBEC exited the vehicle.



25.     Below is an image of evidence items purchased from QUEBEC during the undercover operation on December 14, 2022.



26.     On the same day, at approximately 12:38 p.m., shortly before the

transaction, LVMPD Officers reviewed the Instagram profile name "wslv.q", specifically

recent stories posted to the account. Upon review of the "stories," a video depicting the

same type of firearms, suspected narcotics, and boxes was posted approximately 29

minutes prior to the post being viewed. The video was captioned, "In Yo hood droppin off

Care pacages to yo Big Homie." Below are screenshots of the Instagram profile name

"wslv.q" story:

/ / /

/ / /

/ / /

/ / /

/ / /

17




27.     Between December 29, 2022, and January 3, 2023, QUEBEC and CI-2 continued to exchange text messages regarding a future firearm transaction.

28.     On or about January 3, 2023, the ATF and the LVMPD conducted a controlled purchase operation involving CI-2 of the following firearms: one (1) Glock, model 30S, .40 caliber pistol bearing S/N "BXH620", equipped with a suspected MCD; one (1) Glock, model 23C, .40 caliber semi-automatic pistol bearing S/N "FX11314"; and one (1) Pioneer Arms, AK style rifle, bearing S/N "PAC1169422" from QUEBEC. Prior to the transaction, CI-2 and QUEBEC agreed to conduct the transaction in the Las Vegas, Nevada area through recorded phone contacts.

29.     At approximately 1:26 p.m., QUEBEC informed CI-2 that he was located at the predetermined meet location. At approximately 1:58 p.m., surveillance units observed CI-2 arrive at the predetermined meeting location. A short time later, surveillance units observed QUEBEC entered the CI vehicle carrying a black bag. QUEBEC opened the bag and removed a pistol with a suspected MCD attached. QUEBEC informed CI-2 that he "threw the switch on the .45." A screenshot of this interaction is included below. A short time later, CI-2 counted and handed QUEBEC $5,000.00 of pre-recorded currency in exchange for one (1) Glock, model 30S, .45 caliber pistol bearing S/N "BXH620", equipped with a suspected MCD; one (1) Glock, model 23C, .40 caliber semi-automatic pistol bearing S/N "FX11314"; and one (1) Pioneer Arms, AK style rifle, bearing S/N "PAC1169422" from QUEBEC. Moments later, QUEBEC removed a tan Glock style pistol from his pocket. QUEBEC showed CI-2 the firearm, which included a gold colored suspected MCD attached to the firearm. QUEBEC placed the firearm back in his pocket and departed the CI vehicle. A short time later, surveillance of QUEBEC was concluded.



30. The Glock, model 30S, .40 caliber pistol bearing S/N "BXH620", equipped with a suspected MCD was later sent to the ATF Firearms Technology Criminal Branch for further examination and machinegun determination.

## **CONCLUSION**

31. Based upon the foregoing facts and information, your Complainant respectfully submits that there is probable cause to believe that ADRIAN ISAIAH QUEBEC committed the offenses of 18 U.S.C. §§ 922(a)(1)(A) and 924(a)(1)(D) – *Engaging in the Business of Dealing or Manufacturing Firearms Without a License*, and 18 U.S.C. §§ 933(a)(1) and (b) – *Trafficking Firearms*.

Special Agent Brandon May
Bureau of Alcohol, Tobacco, Firearms
and Explosives

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on this  6th   day of January, 2023.

HONORABLE BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE